PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: JOHN ASHTON WRAY, JR.,
              *Appellant.*

No. 05-1106

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge; Robert G. Doumar and Henry
Coke Morgan, Jr., Senior District Judges.
(01-MS-76)

Argued: November 29, 2005

Decided: December 29, 2005

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Reversed by published opinion. Judge Luttig wrote the opinion, in
which Judge Niemeyer and Judge Traxler joined.

---

## COUNSEL

Timothy Gerard Clancy, MOSCHEL, GALLO & CLANCY, Hampton, Virginia, for Appellant. Charles Russell Burke, Virginia Beach,
Virginia, for Disciplinary Enforcement Counsel.

---

## OPINION

LUTTIG, Circuit Judge:

Appellant John Ashton Wray, Jr., was disbarred from practice
before the United States District Court for the Eastern District of Vir-

ginia on the grounds that he committed a "serious crime" within the meaning of Federal Rule of Disciplinary Enforcement I.B by willfully failing to pay his income taxes. Because willful failure to pay income taxes is not a "serious crime" within the meaning of Rule I.B., we reverse the judgment of the district court.

## I.

For several years, John Ashton Wray, Jr., mired in business debt, properly filed his income tax returns, but failed to pay all the taxes due, choosing instead to repay his lenders. On May 24, 2001, Wray pled guilty to a misdemeanor count of willful failure to pay income taxes. As a result of Wray's conviction, the United States District Court for the Eastern District of Virginia instituted disciplinary proceedings against him, and on December 22, 2004, disbarred him from the practice of law before the court on the grounds that he had committed a "serious crime" within the meaning of Federal Rule of Disciplinary Enforcement I.B. The question on appeal is whether Wray's misdemeanor offense of willful failure to pay income taxes constitutes a "serious crime" within the meaning of Rule I.B.

Federal Rule of Disciplinary Enforcement I.B provides as follows:

> The term "serious crime" shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime in the jurisdiction where the judgment was entered, involves false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of any other to commit a "serious crime."

Wray's misdemeanor count of willful failure to pay income taxes does not fall within this definition. It is neither a felony nor a lesser crime a necessary element of which comprises any of the conduct described in the Rule. The Rule refers only to willful failure to *file* income tax returns, and that offense is distinct from — and is not a necessary element of — Wray's offense of willful failure to *pay* income taxes.

The district court concluded that Wray's offense of willful failure to pay income taxes constituted a "serious crime" because Wray "knew his actions were unlawful" and his conduct demonstrated "continued indifference to the law requiring payment of taxes." J.A. 177-78. While these facts may render Wray's conduct deserving of disciplinary action, they do not transform Wray's offense into a "serious crime" within the meaning of Rule I.B. Whether the perpetrator committed the crime knowingly or displayed continued indifference to the law bears no relation to the Rule's definition of "serious crime."

On appeal, it is contended that Wray's offense constituted a "serious crime" because it involved deceit. As an initial matter, it is not clear that Wray's conduct was in fact deceitful. The prosecutor conceded that Wray did not commit fraud or conceal income in an attempt to avoid tax liability; he simply chose not to pay his full tax obligation. *Id.* at 48-49. More importantly, even if Wray's conduct did involve deceit, that would not render his offense a "serious crime." The question is not whether Wray's conduct involved deceit; it is whether deceit is a necessary element of the crime of willful failure to pay taxes. It is not. To prove willful failure to pay income taxes, the government must show only that (1) a tax was due and owing; (2) the taxpayer did not pay the tax within the required time; and (3) the failure to pay was willful. *See* 26 U.S.C. § 7203.

In short, Wray's misdemeanor offense of willful failure to pay income taxes does not constitute a "serious crime" within the meaning of Rule I.B, and the district court abused its discretion in concluding otherwise.* Accordingly, the judgment of the district court is reversed.

*REVERSED*

---

*A district court's action in a disciplinary proceeding is reviewed under an abuse of discretion standard. *In re Morrissey*, 305 F.3d 211, 217 (4th Cir. 2002). "Of course, an error of law by a district court is by definition an abuse of discretion." *Hunter* v. *Earthgrains Co. Bakery*, 281 F.3d 144, 150 (4th Cir. 2002). The district court's construction of Rule I.B to cover Wray's offense of willful failure to pay income taxes when that Rule does not cover such offense constituted an error of law.